LG Funding, LLC v United Senior Props. of Olathe, LLC (2020 NY Slip Op 01607)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

LG Funding, LLC v United Senior Props. of Olathe, LLC

2020 NY Slip Op 01607

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-09950
(Index No. 500056/18)

[*1]LG Funding, LLC, appellant, 
vUnited Senior Properties of Olathe, LLC, etc., et al., respondents.

Gene Rosen's Law Firm, a Professional Corporation, Kew Gardens Hills, NY (Gene W. Rosen and Matin Emouna of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated May 7, 2018. The order denied the plaintiff's motion pursuant to CPLR 3211(a) to dismiss the defendants' affirmative defenses and counterclaim, and for summary judgment on the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was pursuant to CPLR 3211(a) to dismiss the counterclaim, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff.
On February 7, 2017, the plaintiff and the defendant United Senior Properties of Olathe, LLC (hereinafter United), entered into a written merchant agreement (hereinafter the agreement), pursuant to which United sold and the plaintiff purchased United's future receivables for the sum of $100,990 (hereinafter the purchase price). In exchange for the purchase, United was obligated to authorize the plaintiff to debit from United's bank account 15% of United's daily revenue, capped at $2,499 per week, until the plaintiff received the sum of $129,267.20 (hereinafter the purchased amount). United also agreed that in the event of its default under the agreement, the full uncollected purchased amount plus all fees due under the agreement, including reasonable attorneys' fees, would become immediately due and payable in full to the plaintiff. The defendants Linda Julian and Paul Thoma executed a personal guaranty of performance of all the representations, warranties, and covenants made by United in the agreement. On February 9, 2017, the plaintiff paid United the purchase price.
In July 2017, the plaintiff commenced this action, inter alia, to recover damages for breach of contract. In their answer, the defendants denied the material allegations of the complaint and asserted various affirmative defenses and a counterclaim alleging that the transaction at issue was a criminally usurious loan. Subsequently, the plaintiff moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the defendants' affirmative defenses and counterclaim alleging that the transaction was a criminally usurious loan, and for summary judgment on the complaint. In an order dated May 7, 2018, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"In reviewing a motion to dismiss an affirmative defense, the court must liberally construe the pleadings in favor of the party asserting the defense and give that party the benefit of [*2]every reasonable inference" (Bank of N.Y. v Penalver, 125 AD3d 796, 797 [internal quotation marks omitted]). "[I]f there is any doubt as to the availability of a defense, it should not be dismissed" (Wells Fargo Bank, N.A. v Rios, 160 AD3d 912, 913). Dismissal may be warranted under CPLR 3211(a)(1) "if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (Leon v Martinez, 84 NY2d 83, 88). "When assessing a motion to dismiss a complaint or counterclaim . . . for failure to state a cause of action, the court must afford the pleading a liberal construction, accept as true all facts as alleged in the pleading, accord the pleader the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (V. Groppa Pools, Inc. v Massello, 106 AD3d 722, 722; see CPLR 3211[a][7]; Dorce v Gluck, 140 AD3d 1111, 1112).
The rudimentary element of usury is the existence of a loan or forbearance of money, and where there is no loan, there can be no usury, however unconscionable the contract may be (see Seidel v 18 E. 17th St. Owners, 79 NY2d 735; Abir v Malky, Inc., 59 AD3d 646, 649). To determine whether a transaction constitutes a usurious loan, it "must be considered in its totality and judged by its real character, rather than by the name, color, or form which the parties have seen fit to give it'" (Abir v Malky, Inc., 59 AD3d at 649, quoting Ujueta v Euro-Quest Corp., 29 AD3d 895, 895 [internal quotation marks omitted]). The court must examine whether the plaintiff "is absolutely entitled to repayment under all circumstances" (K9 Bytes, Inc. v Arch Capital Funding, LLC, 56 Misc 3d 807, 816 [Sup Ct, Westchester County]). Unless a principal sum advanced is repayable absolutely, the transaction is not a loan (see Rubenstein v Small, 273 App Div 102). Usually, courts weigh three factors when determining whether repayment is absolute or contingent: (1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy (see K9 Bytes, Inc. v Arch Capital Funding, LLC, 56 Misc 3d at 816-819; see also Funding Metrics, LLC v D & V Hospitality, Inc., 62 Misc 3d 966, 970 [Sup Ct, Westchester County]).
Here, with respect to a reconciliation provision, the agreement provides that the plaintiff "may, upon [United's] request, adjust the amount of any payment due under this Agreement at [its] sole discretion and as it deems appropriate" (emphasis added). The agreement also contains provisions suggesting that United's obligation to repay was absolute and not contingent on its actual accounts receivable. In this regard, the agreement provides that United's written admission of its inability to pay its debt or its bankruptcy constitute events of default under the agreement, which entitle the plaintiff to the immediate full repayment of any of the unpaid purchased amount (cf. Champion Auto Sales, LLC v Pearl Beta Funding, LLC, 159 AD3d 507). The agreement provides that in the event United files for bankruptcy or is placed under an involuntary filing, the plaintiff would be entitled to enforce the provisions of the personal guaranty executed by Julian and Thoma, United would be required to deliver to the plaintiff a confession of judgment in the amount of the purchased amount, and the plaintiff would be allowed to enter the confession of judgment as a judgment. These provisions suggest that the plaintiff did not assume the risk that United would have less-than-expected or no revenues. Thus, we agree with the Supreme Court's determination denying that branch of the plaintiff's motion which was pursuant to CPLR 3211(a)(1) and (7) to dismiss the affirmative defenses alleging that the transaction at issue is a criminally usurious loan.
Since the plaintiff failed to demonstrate the absence of triable issues of fact as to whether the transaction constitutes a criminally usurious loan, we agree with the Supreme Court's determination denying that branch of the plaintiff's motion which was for summary judgment on the complaint.
However, the Supreme Court should have granted that branch of the plaintiff's motion which was pursuant to CPLR 3211(a)(7) to dismiss the counterclaim, alleging criminal usury. Although the defendants may assert criminal usury as an affirmative defense (see General Obligations Law § 5-521[3]; Limited Liability Company Law § 1104[c]; Penal Law § 190.40; Fred Schutzman Co. v Park Slope Advanced Med., PLLC, 128 AD3d 1007, 1008; Blue Wolf Capital Fund II, L.P. v American Stevdoring, Inc., 105 AD3d 178, 184; Nikezic v Balaz, 184 AD2d 684, 685; Intima-Eighteen, Inc. v Schreiber Co., 172 AD2d 456, 457), they may not assert criminal usury as the basis for a counterclaim (see Intima-Eighteen, Inc. v Schreiber Co., 172 AD2d at 457).
SCHEINKMAN, P.J., HINDS-RADIX, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court