22-1885-cv
*Fleetwood Services, LLC, v. Richmond Capital Group LLC*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of June, two thousand twenty-three.

Present:

> WILLIAM J. NARDINI,
> MYRNA PÉREZ,
> MARIA ARAÚJO KAHN,
>  *Circuit Judges*.

_____

FLEETWOOD SERVICES, LLC,

 *Plaintiff-Appellee*,

 v.                                                                No. 22-1885-cv

RICHMOND CAPITAL GROUP LLC, NOW KNOWN AS RCG ADVANCES LLC, ROBERT GIARDINA,

 *Defendants-Appellants*.*

_____

For Plaintiff-Appellee:          SHANE R. HESKIN, White and Williams LLP, Philadelphia, PA (Stuart J. Wells, White and Williams LLP, New York, NY, *on the brief*)

For Defendants-Appellants:       John Meringolo, Meringolo & Associates, PC, New York, NY, Jeremy Iandolo, Brooklyn, NY

---

\* The Clerk of the Court is respectfully directed to amend the caption as set forth above.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis J. Liman, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Richmond Capital Group, LLC, now known as RCG Advances LLC, and its founder and sole managing member, Defendant-Appellant Robert Giardina (collectively, "Defendants"), appeal from a judgment of the United States District Court for the Southern District of New York (Lewis J. Liman, *Judge*), entered on August 18, 2022. In November 2016, Plaintiff-Appellee Fleetwood Services, LLC ("Fleetwood"), a Texas-based small business, was experiencing cash-flow issues and entered into a "Merchant Agreement" with Defendants (the "Agreement").[1] A dispute arose regarding the parties' performance under the Agreement, and Fleetwood sued Defendants for breach of contract, money had and received, usury, attorney's fees, and violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"). The district court granted Fleetwood's motion for summary judgment as to Fleetwood's civil RICO claim, ultimately entering judgment in favor of Fleetwood and against Giardina in the amount of $175,351. We assume the parties' familiarity with the case.

This Court reviews de novo a district court's grant of summary judgment. *McCutcheon v. Colgate-Palmolive Co.*, 62 F.4th 674, 686 (2d Cir. 2023). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[1] Although the Agreement was nominally between Fleetwood and Ram Capital Funding, LLC, the district court concluded that Richmond, which had advanced and withdrawn funds due under the Agreement and handled repayment requests, manifested the intent to be bound by the Agreement. Defendants do not appear to challenge that conclusion on appeal, and we deem the issue waived. *See In re Demetriades*, 58 F.4th 37, 54 (2d Cir. 2023) ("Since th[e] issue is adverted to only in a perfunctory manner, unaccompanied by any effort at developed argumentation, it must be deemed waived." (alterations and internal quotation marks omitted)).

matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of 'demonstrat[ing] the absence of a genuine issue of material fact.'" *Oxford Univ. Bank v. Lansuppe Feeder, LLC*, 933 F.3d 99, 103 (2d Cir. 2019) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

Defendants argue that the district court went beyond the bounds of its authority under Rule 56 by engaging in "issue-resolution" rather than "issue-finding" when it determined that the Agreement constituted a loan, not a sale of future receivables. Defs.' Br. at 13–14 (quoting *Gallo v. Prudential Residential Servs., Ltd. P'Ship*, 22 F.3d 1219, 1224 (2d Cir. 1994)). And Defendants concede that "[a]ll other facts at issue in this case flow from that determination," such that if the Agreement was properly construed as a loan, then Fleetwood was entitled to summary judgment on its civil RICO claim. *Id.* at 14. We agree with the district court's conclusion that the Agreement constituted a loan, not a sale of future receivables, and, accordingly, we agree that Fleetwood was entitled to summary judgment.

Defendants direct us to language in the Agreement suggesting that the transaction "is not intended to be, nor shall it be construed as a loan." Defs.' Br. at 17–18 (quoting App'x at 25 § 1.9). Under New York law, which governs the Agreement, "substance—not form—controls" when a court determines whether a transaction is a loan. *Adar Bays, LLC v. GeneSYS ID, Inc.*, 37 N.Y.3d 320, 334 (2021); *see O'Donovan v. Galinski*, 878 N.Y.S.2d 443, 444–45 (2d Dep't 2009) ("In determining whether a transaction is usurious, the law looks not to its form, but its substance, or real character." (internal quotation marks omitted)). New York courts usually weigh three factors in making that determination: "(1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy." *Principis Cap., LLC v. I Do, Inc.*, 160 N.Y.S.3d 325, 326–27 (2d Dep't 2022); *cf. LG Funding, LLC v. United Senior Props. of Olathe, LLC*, 122 N.Y.S.3d 309, 312–13

(2d Dep't 2020) (affirming denial of motion to dismiss affirmative defenses alleging that transaction was criminally usurious loan after weighing only first and third factor).

Having considered the first and third factors, we conclude that the substance of the Agreement belies the formal language on which Defendants rely. Specifically, the Agreement's nominal reconciliation provision does not, in fact, relieve Fleetwood of its obligation to pay Richmond the daily amount due under the Agreement, nor does it qualify Richmond's rights to declare the full amount immediately due and payable and to collect against Fleetwood. Indeed, any adjustment to the daily amount was subject to Richmond's "sole discretion." App'x at 24. Similarly, the Agreement provided recourse in the event Fleetwood declared bankruptcy, authorizing Richmond to, among other things, collect on personal guaranties. *See Davis v. Richmond Cap. Grp., LLC*, 150 N.Y.S.3d 2, 4 (1st Dep't 2021) (citing such provisions as evidence that agreements were loans). The substance of the Agreement thus reveals that Richmond was "absolutely entitled to repayment under all circumstances." *LG Funding*, 122 N.Y.S.3d at 312 (internal quotation marks omitted). In other words, the transaction was a loan, and Fleetwood was entitled to summary judgment on its civil RICO claim against Defendants.

\* \* \*

We have considered all of the arguments Defendants raise on appeal and find them unpersuasive. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4