Crystal Springs Capital, Inc. v Big Thicket Coin, LLC (2023 NY Slip Op 05121)

Crystal Springs Capital, Inc. v Big Thicket Coin, LLC

2023 NY Slip Op 05121

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-00579
 (Index No. 609455/20)

[*1]Crystal Springs Capital, Inc., respondent,
v
Big Thicket Coin, LLC, et al., appellants.

Himmel & Bernstein, LLP, New York, NY (Andrew D. Himmel of counsel), for appellants.
Gene Rosen's Law Firm, a Professional Corporation, Garden City, NY (Gene W. Rosen of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Christopher G. Quinn, J.), entered January 10, 2022. The order denied the defendants' motion to vacate a judgment of the same court dated August 20, 2021, entered upon their failure to appear or answer the complaint, pursuant to CPLR 3211(a) to dismiss the complaint, pursuant to CPLR 5240 to vacate a restraining notice served on a bank account of the defendant Gold Pro, LLC, and for a judgment declaring that the plaintiff is barred from recovering any principal or interest under the subject agreement.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying those branches of the defendants' motion which were to vacate the judgment, pursuant to CPLR 3211(a) to dismiss the complaint, and pursuant to CPLR 5240 to vacate the restraining notice served on a bank account of the defendant Gold Pro, LLC, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, with costs to the defendants.
In August 2020, the plaintiff and the defendants Big Thicket Coin, LLC, Big Thicket Coin & Bullion, LLC, Gold Pro, LLC, and Big Thicket Group, LLC (hereinafter collectively the Big Thicket defendants), entered into a written merchant agreement pursuant to which the plaintiff agreed to purchase and the Big Thicket defendants agreed to sell $140,000 of the Big Thicket defendants' future receipts for the price of $90,000. The defendant Michael James White signed the agreement on behalf of the Big Thicket defendants and executed a personal guaranty.
In September 2020, the plaintiff commenced this action, inter alia, to recover damages for breach of contract. The defendants failed to appear or answer the complaint, and on August 20, 2021, the Supreme Court issued a judgment against the defendants upon their default. In October 2021, the defendants moved to vacate the judgment on the ground, among others, that the agreement constituted a criminally usurious loan, pursuant to CPLR 3211(a) to dismiss the complaint on the ground, among others, that the action is barred by documentary evidence, pursuant to CPLR 5240 to vacate a restraining notice that had been served on a bank account of Gold Pro, LLC, and for a judgment declaring that the plaintiff is barred from recovering any principal or interest under the [*2]agreement. In an order entered January 10, 2022, the court denied the defendants' motion. The defendants appeal.
The Supreme Court should have granted that branch of the defendants' motion which was to vacate the judgment in the interest of justice on the ground that the agreement constituted a criminally usurious loan. "CPLR 5015(a) 'does not provide an exhaustive list as to when a default judgment may be vacated'" (Slate Advance v Saygan Global Steel, Ltd., 206 AD3d 782, 783, quoting Woodson v Mendon Leasing Corp., 100 NY2d 62, 68). "In addition to the grounds set forth in section 5015(a), a court may vacate a default 'for sufficient reason and in the interests of substantial justice'" (Slate Advance v Saygan Global Steel, Ltd., 206 AD3d at 783, quoting Woodson v Mendon Leasing Corp., 100 NY2d at 68). "[A] party is not necessarily required to establish a reasonable excuse in order to be entitled to vacatur in the interest of justice" (Slate Advance v Saygan Global Steel, Ltd., 206 AD3d at 783).
"The rudimentary element of usury is the existence of a loan or forbearance of money, and where there is no loan, there can be no usury, however unconscionable the contract may be" (LG Funding, LLC v United Senior Props. of Olathe, LLC, 181 AD3d 664, 665). "To determine whether a transaction constitutes a usurious loan, it 'must be considered in its totality and judged by its real character, rather than by the name, color, or form which the parties have seen fit to give it'" (id. at 665, quoting Abir v Malky, Inc., 59 AD3d 646, 649 [internal quotation marks omitted]). "Unless a principal sum advanced is repayable absolutely, the transaction is not a loan" (LG Funding, LLC v United Senior Props. of Olathe, LLC, 181 AD3d at 666). "Usually, courts weigh three factors when determining whether repayment is absolute or contingent: (1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy" (id.). "[A] loan that is criminally usurious is void" (Kingsize Entertainment, LLC v Martino, 155 AD3d 856, 856; see Adar Bays, LLC v GeneSYS ID, Inc., 37 NY3d 320, 332).
Here, the defendants established that the agreement constituted a criminally usurious loan. The agreement and addendums thereto provided, among other things, that, in exchange for the purchase, the Big Thicket defendants were obligated to authorize the plaintiff to automatically debit $4,000 from their bank account each business day, the plaintiff was "under no obligation" to reconcile the payments to a percentage amount of the Big Thicket defendants' sales rather than the fixed daily amount, and the plaintiff was entitled to collect the full uncollected purchase amount plus all fees due under the agreement in the event of the Big Thicket defendants' default by changing their payment processing arrangements or declaring bankruptcy. Together, these terms established that the agreement was a loan, pursuant to which repayment was absolute, rather than a purchase of future receipts under which repayment was contingent upon the Big Thicket defendants' actual sales (see Davis v Richmond Capital Group, LLC, 194 AD3d 516, 517; LG Funding, LLC v United Senior Props. of Olathe, LLC, 181 AD3d at 666). The plaintiff does not dispute that the agreement effected an annual interest rate exceeding the criminally usurious threshold of 25% (see Penal Law § 190.40). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was to vacate the judgment in the interest of justice on the ground that the agreement constituted a criminally usurious loan (see Slate Advance v Saygan Global Steel, Ltd., 206 AD3d at 783; Rockefeller v Jeckel, 161 AD2d 1090, 1091-1092). Moreover, given that the judgment should have been vacated, the court should have also granted that branch of the defendants' motion which was pursuant to CPLR 5240 to vacate the restraining notice (see id. § 5222[a]).
The Supreme Court erred in denying that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint on the ground that the action is barred by documentary evidence. "Under CPLR 3211(a)(1), a dismissal is warranted only if the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Yan Ping Xu v Van Zwienen, 212 AD3d 872, 874 [internal quotation marks omitted]). Here, for the reasons stated above, the defendants conclusively established through the submission of the agreement that it constituted a criminally usurious loan (see Adar Bays, LLC v GeneSYS ID, Inc., 37 NY3d at 332; LG Funding, LLC v United Senior Props. of Olathe, LLC, 181 AD3d at 666). Accordingly, this branch of the defendants' motion should have also been granted.
Contrary to the defendants' contention, the Supreme Court properly denied that branch of their motion which was for a judgment declaring that the plaintiff is barred from recovering any principal or interest under the agreement. The defendants are not entitled to declaratory relief since they have not interposed an answer asserting a counterclaim for such relief (see CPLR 3001; cf. Szerdahelyi v Harris, 67 NY2d 42).
In light of the foregoing, we need not address the defendants' remaining contentions. The plaintiff's remaining contention is without merit.
DILLON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court