Kapitus Servicing, Inc. v Point Blank Constr., Inc. (2023 NY Slip Op 06087)

Kapitus Servicing, Inc. v Point Blank Constr., Inc.

2023 NY Slip Op 06087

Decided on November 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 28, 2023

Before: Manzanet-Daniels, J.P., Friedman, González, Pitt-Burke, Higgitt, JJ. 

Index No. 653952/22 Appeal No. 1111 Case No. 2023-03734 

[*1]Kapitus Servicing, Inc., Formerly Known as Colonial Funding Network, Inc. etc., Plaintiff-Respondent,
v
Point Blank Construction, Inc. et al. Defendants-Appellants.

Law Office of Amos Weinberg, Great Neck (Amos Weinberg of counsel), for appellants.
Kapitus Servicing, Inc., New York (Kristyn Nicola Harrison of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about May 2, 2023, which denied defendants' motion to dismiss the complaint, unanimously affirmed, with costs.
This action arises out of a revenue-based factoring agreement between nonparty Fig Capital, LLC, for which plaintiff was a servicer, and defendant Point Blank Construction, Inc. Under the agreement, which defendant Kip Walker signed as a guarantor, Fig Capital purchased $96,520 of future receivables from Point Blank; plaintiff was to collect 12% of Point Blank's daily receivables via Automated Clearing House debits from Point Blank's designated bank account located in Florida. Plaintiff ultimately received a portion of the receivables, but an outstanding balance allegedly remains, along with certain fees payable under the agreement.
We agree with Supreme Court's finding that it had subject matter jurisdiction over the action, but on grounds different from those that the court stated. An action against a foreign corporation may be maintained "where it is brought to recover damages for a breach of contract made within New York State" (Business Corporation Law § 1314[b][1]). Here, the agreement was made in New York. As this Court has held, the "place of making of [a] contract is established when the last act necessary for its formulation is done, and at the place where that final act is done" (Fremay, Inc. v Modern Plastic Mach. Corp., 15 AD2d 235, 237 [1st Dept 1961] [internal quotation marks omitted]). According to the affidavit of plaintiff's vice president, plaintiff performed the last necessary act in New York by sending funds to Point Blank's Florida bank account; the sending of those funds, not Point Blank's passive receipt of them in Florida, was the last act necessary for formulation of the agreement.
Defendants failed to demonstrate that dismissal was warranted on the basis that the transaction constitutes a criminally usurious loan, as the record does not support a finding that the existence of a loan can be gleaned from the face of the agreement as a matter of law (see Blue Wolf Capital Fund II, L.P. v American Stevedoring, Inc., 105 AD3d 178, 183 [1st Dept 2013]; see also LG Funding, LLC v United Senior Prop. of Olathe, LLC, 181 AD3d 664, 665 [2d Dept 2020]). Although some parts of the record suggest that the transaction was a loan, other parts of the record suggest that the transaction was instead a sale and purchase of receivables. For example, defendants established, and plaintiff does not dispute, that the agreement provides for recourse should Point Blank declare bankruptcy; this factor suggests a loan rather than a sale and purchase of receivables. On the other hand, the agreement also provides that the term for repayment is indefinite, suggesting that the repayment obligation may have been contingent rather than absolute; this factor suggests a sale and purchase of receivables rather than a loan. Further, although the presence in an agreement [*2]of a right to reconciliation may be an indication of whether an agreement constitutes a loan, the agreement here does not make clear on its face whether it conferred that right (see Davis v Richmond Capital Group, LLC, 194 AD3d 516, 517 [1st Dept 2021]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 28, 2023