**Kapitus Servicing, Inc. v
Suburban Waste Servs., Inc.**

2024 NY Slip Op 33511(U)

October 1, 2024

Supreme Court, New York County

Docket Number: Index No. 653525/2022

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LYLE E. FRANK**

*Justice*

-------------------------------------------------------------------------------X

KAPITUS SERVICING, INC.,

Plaintiff,

- v -

SUBURBAN WASTE SERVICES, INC.,CHRISTINA BIZZARI, DAVID DIENNO

Defendant.

-------------------------------------------------------------------------------X

PART                              11M

INDEX NO.            653525/2022

MOTION DATE        02/02/2024, 05/24/2024

MOTION SEQ. NO.      001 002

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 29, 30, 31, 32

were read on this motion to/for          SUMMARY JUDGMENT(AFTER JOINDER        .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55

were read on this motion to/for               JUDGMENT - SUMMARY             .

This action arises out of the alleged breach of contract and guaranty by defendants. Plaintiff now moves for summary judgment and seeks the amount allegedly due and owing pursuant to the contract and guaranty. Defendants oppose the motion and separately move for summary judgment. For the reasons set forth below, plaintiff's motion for summary judgment is denied and defendants' motion is denied.

Background

The parties entered two written Revenue Based Factoring Agreements dated April 20, 2016, and August 22, 2016, inclusive of Security Agreements and Guaranties signed by individual defendants Bizzari and DiIenno. *See* NYSCEF Doc. 8. The agreements provided that plaintiff purchased five percent of defendant, Suburban Waste Services' receipts, while

653525/2022 Motion No. 001 002                                      Page 1 of 5

simultaneously requiring a payment of a specific dollar amount, $1,477.00 on the first agreement and $603.00 on the second agreement. *Id*.

Applicable Law

It is a well-established principle that the "function of summary judgment is issue finding, not issue determination." *Assaf v Ropog Cab Corp.*, 153 AD2d 520, 544 [1st Dept 1989]. As such, the proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law. *Alvarez v Prospect Hospital*, 68 NY2d 320, 501 [1986]; *Winegrad v New York University Medical Center*, 64 NY 2d 851 [1985]. Courts have also recognized that summary judgment is a drastic remedy that deprives a litigant of his or her day in court. Therefore, the party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted.

In matters involving alleged agreements of the sale and purchase of receivables, it is well established that there are three factors to be considered in determining whether the agreement constitutes a usurious loan or a legitimate commercial agreement: "(1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy" (*LG Funding, LLC v United Senior Properties of Olathe, LLC*, 181 AD3d 664, [2d Dept 2020]).

*Plaintiff's Motion for Summary Judgment*

In support of its motion for summary judgment, plaintiff relies on the agreements as well as the affidavit of David Wolfson, the Vice President of Risk Management and Asset Recovery of plaintiff. Mr. Wolfson's affidavit provides an itemization of the alleged amount due and a recitation of defendants' alleged defaults.

The Court finds that plaintiff has failed to establish that the underlying agreement was not a usurious loan but rather a sale and purchase of receivables as a matter of law. Plaintiff contends that this language, quoted from the agreement

> "[i]t is the Merchants responsibility to provide bank statements for any and all bank accounts held by the Merchant to reconcile the daily payments made against the Specified Percentage permitting FUNDER to debit or credit the difference to the merchant so that payment equals the Specified Percentage. Failure to provide all of their bank statements in a timely manner or missing a month shall forfeit all rights to future reconciliations[.]"

is the reconciliation provision. The Court is unpersuaded. The Court notes, that although there is a sentence in the agreement regarding a forfeiture of the merchants right to a reconciliation, there is nothing in the agreement that addresses this right. Specifically, the contract is devoid of a provision specifying how to obtain a reconciliation and under what conditions one may be obtained. Thus, this factor weighs against a finding that this agreement is one for the purchase of receivables rather than a loan.

As to the second factor that the Court must weigh, whether there is a finite term, the Court finds that this factor weighs in favor of an agreement for the sale and purchase of receivables, however, it is insufficient on its own and is outweighed by the other two factors.

The third factor, regarding recourse if the merchant files for bankruptcy, heavily weighs in favor of finding the subject agreement are loans. The agreements provide that if defendant merchant files for bankruptcy plaintiff is immediately entitled to enforce the personal guarantees and enter a judgment as against the merchant. This weighs against the finding that this agreement is a loan rather than an agreement for future receivables, as the plaintiff's payment was not contingent of the merchant's future receivables, thus plaintiff was not assuming a risk of non-payment.

[* 3]

Further, with respect to defendant merchants alleged defaults, the failure to forward he receivables to plaintiff, plaintiff's ledgers submitted in support of its motion for summary judgment contain notations that the funds were not received due to "insufficient funds" rather than an affirmative act by the defendant to breach the agreement. *See* NYSCEF Doc. 14.

Moreover, Mr. Wolfson's affidavit provides that the agreements directed that the plaintiff was to collect 5% of defendant's daily receivables, however the affidavit is silent as to why there is a specific daily amount and how that amount was calculated. *See* NYSCEF Doc. 7. The payment of a fixed daily amount, rather than a fluctuating amount based on the percentage of receivables, weighs heavily against the underlying agreement being a legitimate agreement for sale and purchase of receivables *see* (*Davis v Richmond Capital Group, LLC*, 194 AD3d 516, 517 [1st Dept 2021]).

## *Defendant's Motion for Summary Judgment*

In support of the motion for summary judgment defendants contend that the underlying agreement is not a legitimate sale and purchase of receivables, rather it is a usurious loan, thus the underlying contract is void as a matter of law.

While this Court does find that the underlying agreement is not a legitimate agreement for the sale and purchase of receivables, and is a loan as a matter of law, defendants have failed to submit admissible evidence to establish that the loans are usurious. Accordingly, it is hereby

ADJUDGED that plaintiff's motion for summary judgment is denied; and it is further

ADJUDGED that defendant's motion for summary judgment is denied.

20241001120553LFRANK354712884F94113ABAE7612022A8AEF

**10/1/2024**
**DATE**

**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

[* 5]