Apollo Funding Co. v Dave Reilly Constr., LLC (2025 NY Slip Op 05055)

Apollo Funding Co. v Dave Reilly Constr., LLC

2025 NY Slip Op 05055

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2024-03453
 (Index No. 35156/23)

[*1]Apollo Funding Co., appellant, 
v
Dave Reilly Construction, LLC, et al., respondents.

Piekarski Law, PLLC (Carter Ledyard & Milburn, LLP, New York, NY [Jacob H. Nemon], of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for breach of contract and to recover on a personal guaranty, the plaintiff appeals from an order of the Supreme Court, Rockland County (Keith J. Cornell, J.), dated April 22, 2024. The order denied the plaintiff's motion for summary judgment on the complaint.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the complaint is granted.
On or about August 2, 2023, the plaintiff, Apollo Funding Co., entered into a written agreement (hereinafter the agreement) with the defendant Dave Reilly Construction, LLC (hereinafter DRC). Pursuant to the agreement, DRC sold, and the plaintiff purchased an interest in, DRC's future receivables for the sum of $25,000 (hereinafter the purchase price). In exchange for the purchase price, DRC authorized the plaintiff to debit from DRC's bank account a percentage of DRC's monthly sales revenue, until the plaintiff received the sum of $37,750 (hereinafter the purchased amount). DRC also agreed that in the event of its default under the agreement, the full uncollected purchased amount would become immediately due and payable in full to the plaintiff. The defendant David A. Reilly executed a personal guaranty of performance of all the representations, warranties, and covenants made by DRC in the agreement. On or about August 3, 2023, the plaintiff paid DRC the purchase price minus agreed-upon fees of $2,550.
In October 2023, the plaintiff commenced this action to recover damages for breach of contract and to recover on the personal guaranty, alleging that DRC, after making $14,240 in payments, defaulted and made no further payments. In their answer, the defendants admitted that DRC had executed the agreement but denied the other material allegations of the complaint and asserted various affirmative defenses, including that the plaintiff induced DRC into entering into an unlawful usurious loan. Subsequently, the plaintiff moved for summary judgment on the complaint. In an order dated April 22, 2024, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
In support of its motion, the plaintiff submitted proof of an executed written agreement, the plaintiff's performance pursuant to the agreement, the defendants' breach, and damages resulting from the breach. If, however, the agreement were found to be a loan, criminal usury would be a defense to its enforcement, rendering it void (see Principis Capital, LLC v I Do, [*2]Inc., 201 AD3d 752; Davis v Richmond Capital Group, LLC, 194 AD3d 516, 517). "The rudimentary element of usury is the existence of a loan or forbearance of money, and where there is no loan, there can be no usury, however unconscionable the contract may be" (LG Funding, LLC v United Senior Props. of Olathe, LLC, 181 AD3d 664, 665). To determine whether a transaction constitutes a usurious loan, "[t]he court must examine whether the plaintiff is absolutely entitled to repayment under all circumstances. Unless a principal sum advanced is repayable absolutely, the transaction is not a loan. Usually, courts weigh three factors when determining whether repayment is absolute or contingent: (1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy" (id. at 665-666 [citations and internal quotation marks omitted]).
Here, the plaintiff established that the transaction set forth in the agreement was not a loan. The terms of the agreement specifically provided for adjustments to the daily payments by DRC to the plaintiff based on changes to DRC's daily receipts. Concomitantly, as the amount of the daily payments could change, the terms of the agreement were not finite (see Principis Capital, LLC v I Do, Inc., 201 AD3d at 754), and because DRC did not engage in the agreement's reconciliation procedure, our review of the claim that the process was illusory is precluded. Moreover, no contractual provision existed establishing that a declaration of bankruptcy would constitute an event of default (cf. Crystal Springs Capital, Inc. v Big Thicket Coin, LLC, 220 AD3d 745, 747).
Since the plaintiff otherwise established its prima facie entitlement to judgment as a matter of law on the complaint, and the defendants failed to raise a triable issue of fact in opposition, the Supreme Court should have granted the plaintiff's motion for summary judgment on the complaint (see Victory State Bank v EMBA Hylan, LLC, 169 AD3d 963, 965).
BARROS, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court