Kapitus Servicing, Inc. v Ragtime Gourmet Corp. (2025 NY Slip Op 05921)

Kapitus Servicing, Inc. v Ragtime Gourmet Corp.

2025 NY Slip Op 05921

Decided on October 28, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 28, 2025

Before: Kern, J.P., Scarpulla, Mendez, Rodriguez, Rosado, JJ. 

Index No. 653529/22|Appeal No. 5057|Case No. 2025-03545|

[*1]Kapitus Servicing, Inc. Formerly Known as Colonial Funding Network, Inc., etc., Plaintiff-Appellant,
v
Ragtime Gourmet Corp./Joe-Le Holding Corp. Doing Business as Ragtime Gourmet of Howard Beach et al., Defendants-Respondents.

Windels Marx Lane & Mittendorf, LLP, New York (Robert J. Malatak of counsel), for appellant.
The Law Offices of Anthony Agrippina, P.C., Flushing (Anthony Agrippina of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about May 23, 2025, which denied plaintiff's motion for summary judgment, unanimously affirmed, with costs.
This action arises out of a merchant cash advance agreement between nonparty Core Business Finance and defendant Ragtime Gourmet Corp./Jo Le Holding Corp. Plaintiff was Core's servicer and agent. Under the agreement, which defendant Angelo Gurino signed on behalf of Ragtime and in his capacity as guarantor, Core paid Ragtime $103,500 in exchange for $132,480 of Ragtime's future receipts. Pursuant to the agreement, Ragtime would remit a percentage of its daily receipts to Core using an agreed-upon processor, until the receipts were paid in full. Plaintiff commenced this action after Ragtime failed to pay the full amount and certain fees payable under the agreement.
The motion court correctly denied plaintiff's motion for summary judgment because there are issues of fact as to whether the cash advance agreement constitutes a loan that may be criminally usurious, rather than an enforceable agreement for the sale and purchase of receivables (see Kapitus Servicing Inc. v Point Blank Constr., Inc., 221 AD3d 532, 533-534 [1st Dept 2023]; see also LG Funding, LLC v United Senior Props. Of Olathe, LLC, 181 AD3d 664, 665-666 [2d Dept 2020]). For example, the agreement provides recourse for Kapitus in the event Ragtime files for bankruptcy or is involuntarily placed in bankruptcy proceedings (see Kapitus Servicing Inc., 221 AD3d at 534), which suggests that it is for a loan. The personal guaranty executed by Gurino granting Core/Kapitus a security interest in all of Ragtime's personal property in the event of Ragtime's default is a further indicator that, as is traditionally the case with a loan, repayment was guaranteed (see Davis v Richmond Capital Group, LLC, 194 AD3d 516, 517 [1st Dept 2021]). Conversely the agreement can be characterized as indefinite, and therefore a sale and purchase of receivables, insofar as it requires Ragtime to make payments to Core "until such time as [Core] receives payment in full of the Purchased Amount" (see Kapitus Servicing Inc., 221 AD3d at 534). Another indication that the transaction was not a loan is the provision in the agreement that, while not quite requiring reconciliation, ensures that only a percentage of Ragtime's daily receipts are collected each day. Under the circumstances, the motion court properly left for the trier of fact to determine whether the agreement is a usurious loan that is unenforceable or an enforceable purchase and sale agreement (see e.g. Crystal Springs Capital, Inc. v Big Thicket Coin, LLC, 220 AD3d 745 [2d Dept 2023]).
The dismissal of Jo-Le Holding from the action was proper, as it is a separate entity from Ragtime and was undisputedly never served with the summons and complaint (see e.g. Nossov v Hunter Mtn., 185 AD3d 948, 949 [2d Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 28, 2025