## Velocity Capital Group LLC. v Georgia Fine Foods, Inc.

2025 NY Slip Op 34598(U)

December 16, 2025

Supreme Court, Erie County

Docket Number: Index No. 813636/2025

Judge: Michael A. Siragusa

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At a term of the Supreme Court, Part 29, held in and for the County of Erie, State of New York at 50 Delaware Avenue, Buffalo, on the 16th day of December 2025.

PRESENT: <u>HON. MICHAEL A. SIRAGUSA, A.J.S.C.</u>

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

---

VELOCITY CAPITAL GROUP LLC.,

                 Plaintiff,

    -vs-

GEORGIA FINE FOODS, INC. D/B/A JOHN'S
FINE FOOD and DAVID EDWARD SEAGRAVES,

                Defendants.

---

**DECISION AND ORDER
INDEX NO. 813636/2025**

## PRELIMINARY STATEMENT

Plaintiff, Velocity Capital Group LLC (hereinafter "plaintiff"), brought this Amended Motion pursuant to CPLR §3211(a)(7) seeking to dismiss defendants' Georgia Fine Foods, Inc. D/B/A John's Fine Food and David Edward Seagraves (hereinafter "defendants"), counterclaims for failure to plead facts sufficient to state a claim and seeking to dismiss defendants' affirmative defenses. *See NYSCEF Doc. No. 25*. Plaintiff submitted the affirmation of attorney Junyao Yang Esq., in support of plaintiff's motion and a memorandum of law. *See NYSCEF Doc. Nos. 23 & 24*. Defendants submitted the attorney affirmation of Robert C. Jacovetti, Esq., and a memorandum of law in opposition to plaintiff's motion to dismiss the defendants' counterclaims and affirmative defenses. *See NYSCEF Doc. Nos. 32 & 33*.

In deciding the motion, the Court has reviewed and considered *NYSCEF Doc. Nos. 1-6 and 23-34*. Counsel for the respective parties have agreed to submission of the motion on papers

1

[* 1]

only, as well as having waived oral argument. The motion having regularly come on to be heard, this Court hereby issues the following Decision and Order.

## FACTS

On August 7, 2025, plaintiff commenced this action against defendants. According to the plaintiff's complaint, plaintiff and defendants entered into a revenue purchase agreement on June 11, 2025, wherein defendants sold $89,940.00 ("The Purchase Amount") of their future receipts to plaintiff, to be paid to plaintiff at a rate of 8% of defendants' daily sales receivables, for an upfront sum of $60,000.00 ("The Purchase Price"). *See NYSCEF Doc. Nos. 1 & 2.*

Plaintiff alleges that it paid the purchase price and defendants only partially performed in the amount of $17, 988.04. *See NYSCEF Doc. No. 4.* Thereafter, on or about August 5, 2025, plaintiff alleges that defendants defaulted by failing to perform their obligations under the agreement, in that they did not pay the installment payment due; by blocking plaintiff's access to the designated bank account, thereby making it impossible to collect its purchased accounts receivable; and by discontinuing payments into said designated bank account. *See NYSCEF Doc. Nos. 1, 23 & 24.*

On August 18, 2025, defendants filed an answer to the complaint. *See NYSCEF Doc. No. 6.* In their answer, defendants raised the following affirmative defenses:

41. Plaintiff lacks personal jurisdiction over defendants.
42. To the extent that this contract lacks consideration. A transaction that fails to establish consideration is not an enforceable contract.
43. To the extent that this contract is unconscionable. This contract is so grossly unreasonable that it should be deemed unenforceable.
44. To the extent established in discovery, plaintiff's complaint fails to set forth claims upon which relief can be granted.
45. To the extent established in discovery, each cause of action in the complaint is barred because the defendants have not breached any obligation that they may have had with plaintiffs.

2

[* 2]

46. To the extent established by discovery, all or part of plaintiff's claims are barred in whole or in part by one or more equitable doctrines, including accord and satisfaction, unconscionability, waiver, release, estoppel, laches and unclean hands.

47. To the extent established in discovery, all or part of plaintiff's claims are barred in whole or part by the statute of frauds.

48. To the extent established in discovery, all or part of plaintiff's claims are barred in whole or in part and any contract entered into by defendants with plaintiff's entitled to a rescission because any such contract was entered into by the defendants under economic duress and/or through undue influence or fraud on behalf of plaintiff.

49. To the extent established in discovery, upon information and belief the defendants dispute any and all amounts set forth in the documents referenced in the complaint.

50. To the extent established in discovery, upon information and belief plaintiff's claims are barred as a result of payment having been made to plaintiff by defendants.

51. To the extent established in discovery, upon information and belief, the contract is unenforceable due to fraud.

52. To the extent established in discovery, upon information and belief, the contract is usurious and unenforceable pursuant to General Business Law, Section 5-521, and Penal Law, Section 190.40.

53. Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional affirmative defenses. On that basis, the defendants reserve the right to amend this answer to asset[sic] additional affirmative defenses in the event discovery indicates the additional defenses appropriate.

*See NYSCEF Doc. No. 6.*

Defendants also interposed two counterclaims against plaintiff, one on behalf of the business and one on behalf of David Edward Seagraves, seeking to recover damages for breach of contract. *See Id.* In their counterclaims, defendants allege that pursuant to the agreement, they had the right to request a reconciliation to more closely reflect their receivables and that plaintiff denied such request which constituted a breach of the agreement causing them to suffer monetary damages. In the section of the answer entitled "Counter-Facts", defendants allege that they performed pursuant to the agreement, that they requested a reconciliation, that plaintiff denied that request, and that plaintiff breached the contract. *See Id.*

Plaintiff now moves pursuant to CPLR §3211(a)(7), seeking to dismiss defendants' counterclaims for failure to plead facts sufficient to state a claim, and pursuant to CPLR §3211(b), seeking to dismiss all of defendants' affirmative defenses for failure to plead with

3

[* 3]

facts and to dismiss defendants' usuary defenses as a matter of law. *See NYSCEF Doc. Nos. 23-25.*

**DEFENDANTS' COUNTERCLAIMS**

The New York State Court of Appeals has explained that "although on a motion to dismiss the allegations are presumed to be true and accorded every favorable inference, conclusory allegations and claims consisting of bare legal conclusions with no factual specificity are insufficient to survive a motion to dismiss." *Godfrey v. Spano, 13 N.Y.3d 358, 373 [2009].* The court is not bound to accept as true a legal conclusion couched as a factual allegation. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Sikorsky v City of Newburgh, 2018 N.Y. Slip. Op. 33920[U], *8 (Sup. Ct. Orange Cty. 2018); Davydov v. Youssefi, 205 A.D.3d 879, 880 [2nd Dept. 2022].*

In this matter, defendants do not offer any specifics or factual statements to support their position. They simply allege that they performed according to the agreement and requested a reconciliation of the specified payment to more closely reflect their receivables at that time, but plaintiff denied such request and demanded payment in full of all remaining receivables. *See NYSCEF Doc. No. 6.* Defendants' pleading is missing facts that would suggest a reconciliation should be performed or would have had any effect. Defendants have not provided any dates of said requests or indicia that a reconciliation request was made by defendants to plaintiff, or anything suggesting that defendants submitted the corporate defendants' bank statements to plaintiff that would have allowed plaintiff to perform a reconciliation.

Defendants also allege that they suffered money damages as a result of plaintiff's breach of the agreement without any claimed amount. Defendants vague and conclusory allegations contained in both counterclaims are insufficient to state a cause of action for breach of contract.

4

*Connaughton v. Chipotle Mexican Grill, Inc.*, 29 N.Y.3d at 142; *Cloudfund LLC v. Broughton Constr. Co. LLC*, 2023 N.Y. Misc. LEXIS 23043 (Sup. Ct. Nassau Cty. 2023)(Commercial Division); *Velocity Cap. Grp. LLC v. Allstate Commer. Glass Inc.*, 2024 N.Y. Misc. LEXIS 5272 (Sup. Ct. Kings Cty. August 23, 2024). Further, defendants do not provide any factual assertions in their opposition papers to remedy the defects. Therefore, defendants' counterclaims are dismissed pursuant to CPLR §3211(a)(7).

### AFFIRMATIVE DEFENSES DISMISSED IN PART

CPLR §3211(b) states that "a party may move for judgment dismissing one or more defenses, on the grounds that a defense is not stated or has no merit." When a plaintiff moves to dismiss an affirmative defense, the plaintiff bears the burden of demonstrating that the affirmative defenses are without merit as a matter of law because they either do not apply under factual circumstances of the case or fail to state a defense. *Bank of Am., N.A. v. 414 Midland Ave. Assoc., LLC*, 78 A.D.3d 746, 748 [internal quotation marks omitted]; *see Lewis v. U.S. Bank, N.A.*, 186 A.D.3d 694, 697 [2nd Dept. 2020]; *Shas v. Mitra*, 171 A.D.3d at 971.

On a motion pursuant to CPLR §3211(b), the court should apply the same standard it applies to a motion to dismiss pursuant to CPLR §3211(a)(7), and the factual assertions of the defense will be accepted as true. *Wells Fargo Bank, N.A. v. Rios*, 160 A.D.3d 912, 913 [2nd Dept. 2018]; *LG Funding LLC v. United Senior Props. Of Olathe, LLC*, 181 A.D.3d 664, 665 [2d Dept. 2020].

### A. Lack of Personal Jurisdiction Waived and Dismissed

In this case, defendants raise the affirmative defense of lack of personal jurisdiction in their answer. After filing their answer, defendants never made a motion to dismiss the complaint

5

[* 5]

on the basis of lack of personal jurisdiction. Consequently, the affirmative defense set forth in paragraph 41 of the answer has been waived by defendants and is dismissed. CPLR §311(e).

### B. Lack of Consideration

Here, in this case, the revenue purchase agreement (*see NYSCEF Doc. No. 2)* demonstrates that plaintiff agreed to pay $60,000 in exchange for the maximum purchase amount of $89,400.00. Defendants concede this in their answer. *See NYSCEF Doc. No. 6.* Since defendants have conceded through their own answer that there was consideration for the contract, defendants' affirmative defense contained within paragraph 42 of the answer is dismissed.

### C. Unconscionable

"An unconscionable agreement is one such as no person in his or her own senses not under delusion would make on the one hand, and as no honest and fair person would accept on the other, the inequality being so strong and manifest as to shock the conscience and confound the judgment of any person of common sense." *Shah v. Mitra, 171 A.D.3d at 977; citing Christian v. Christian, 42 N.Y.2d 63, 71 [1977].*

Here, defendants provide no factual basis and no more than mere legal conclusions to support their affirmative defense that the contract is unconscionable. They merely conclude that the contract is unenforceable and unconscionable. *Katz v. Miller, 120 A.D.3d 768, 769-770 [2nd Dept. 2014].* Therefore, the affirmative defense contained within paragraph 43 of the answer is dismissed.

### D. Fraud, economic duress, undue influence

Defendants have submitted no particularized allegations of fraud in their answer, in their motion papers, nor have they provided any evidence to support the bare allegations of fraud,

6

[* 6]

undue influence, or duress. *Shah v. Mitra, 171 A.D.3d at 975; Polito v. Polito, 121 A.D.2d 614, 615 [2ⁿᵈ Dept. 1986]; Hearst v. Hearst, 50 A.D.3d 959, 961-962 [2ⁿᵈ Dept. 2008].* Therefore, the affirmative defenses contained in paragraphs 48 & 51 of the answer are dismissed.

### E. Failure to State a Cause of Action

With respect to the affirmative defense alleging failure to state a cause of action as set forth in paragraph 44 of the answer, that branch of plaintiff's motion is denied. *Ochoa v. Townsend, 209 A.D.3d 867, 868 [2ⁿᵈ Dept. 2022].* "No motion by plaintiff lies under CPLR §3211(b) to strike the defense of failure to state a cause of action, as this amounts to an endeavor by the plaintiff to test the sufficiency of his or her own claim. *Butler v. Catinella, 58 A.D.3d 145, 150 [2ⁿᵈ Dept. 2008]; Jacob Marion, LLC v. Jones, 168 A.D.3d 1043, 1044 [2ⁿᵈ Dept. 2019].*

### F. Usury

The affirmative defense set forth in paragraph 52 of the answer asserts that the agreement is unenforceable as usurious. The primary and fundamental element of usury is the existence of a loan or forbearance of money, and where there is no loan, there can be no usury, however unconscionable the agreement may be. *LG Funding, LLC v United Senior Props. Of Olathe, LLC, 181 A.D.3d at 665.* Courts examine whether the plaintiff is absolutely entitled to repayment under all circumstances. Courts have held that unless a principal sum advanced is repayable absolutely, the transaction is not a loan. *Id. at 666.* Courts further weigh three factors when determining whether repayment is absolute or contingent: (1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy. *Id.*

7

[* 7]

In this case, the evidence in the record demonstrates that the subject agreement provided that the defendants will sell a portion of a future revenue stream to the plaintiff at a discount, not that they are borrowing money from the plaintiff. There is no interest rate or payment schedule and no time-period during which the purchased amount must be collected by the plaintiff. *See NYSCEF Doc. No. 2.* Moreover, the plaintiff assumes the risk that future receipts may be remitted more slowly than the plaintiff may have anticipated or projected because the defendants' business has slowed down, and the risk that the full purchase amount may never be remitted because the defendants' business went bankrupt or defendants otherwise ceased operations in the ordinary course of business, to the extent not caused by the defendants' breach of the agreement. *See Id.*

The evidence in the record further demonstrates, as defendants state in their answer, that the agreement included a procedure allowing them to request a retroactive reconciliation and a prospective adjustment. *See Id.*

Because the subject agreement was not subject to a finite term, allowed for certain events to excuse the defendants' performance, thereunder, and contained reconciliation and adjustment provisions, the subject agreement is not a loan. Therefore, the affirmative defense premised upon usury is without merit and is dismissed. *Principis Capital, LLC v. I Do, Inc., 201 A.D.3d 752, 754-755 [2nd Dept. 2022].*

**G. Remaining Affirmative Defenses**

The evidence in the record demonstrates that the affirmative defenses set forth in paragraphs 45, 46, 47, 49, 50, and 53 of the answer, merely plead conclusions of law without proffering any supporting facts. By pleading that these affirmative defenses were being made "to the extent established in discovery" and "upon information and belief", defendants

8

[* 8]

acknowledged that they were not aware of any facts to support these affirmative defenses at the time they were interposed. Further, while a party may remedy any defects in a pleading by submitting evidence in opposition to a motion to dismiss, here, defendants submit no such evidence in opposition to plaintiff's motion. *Bank of Am., N.A. v. 414 Midland Ave. Assoc., LLC,* 78 A.D.3d 746, 750 [2nd Dept. 2010]; *Fireman's Fund Ins. Co. v. Farrell,* 57 A.D.3d 721, 723 [2nd Dept. 2008]; *Diaz v. 297 Schaefer St. Realty Corp.,* 195 A.D.3d 794, 796 [2nd Dept. 2021]; *Benjamin v. Yeroushalmi,* 178 A.D.3d 650, 653 [2019].

Accordingly, it is hereby,

ORDERED that the branches of plaintiff's motion brought pursuant to CPLR §3211(a)(7) seeking to dismiss defendants' counterclaims, is GRANTED; and it is further

ORDERED that the branches of plaintiff's motion brought pursuant to CPLR §3211(b) seeking to dismiss defendants' affirmative defenses set forth in paragraphs 41, 42, 43, 45, 46, 47, 48, 49, 50, 51, 52, and 53 of their answer, are GRANTED; and it is further

ORDERED that the branch of plaintiff's motion brought pursuant to CPLR §3211(b) seeking to dismiss defendants' affirmative defense set forth in paragraph 44 of their answer, is DENIED; and it is further

ORDERED that the defendants' informal application to replead its counterclaims and affirmative defenses is DENIED.

SO ORDERED

Dated: December 16, 2025

ENTER:

HON. MICHAEL A. SIRAGUSA, A.J.S.C.

9

[* 9]