Kapitus Servicing, Inc. v Suburban Waste Servs., Inc. (2026 NY Slip Op 01127)

Kapitus Servicing, Inc. v Suburban Waste Servs., Inc.

2026 NY Slip Op 01127

Decided on February 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 26, 2026

Before: Manzanet-Daniels, J.P., Moulton, Gesmer, Mendez, Michael, JJ. 

Index No. 653525/22|Appeal No. 5960|Case No. 2024-06224|

[*1]Kapitus Servicing, Inc., Plaintiff-Appellant,
vSuburban Waste Services, Inc. et al., Defendants-Respondents.

Windels Marx Lane & Mittendorf, LLP, New York (Robert J. Malatak of counsel), for appellant.
Jones Law Firm, P.C., New York (Deeban Siva of counsel), for respondents.

Order, Supreme Court, New York (Lyle E. Frank, J.), entered on or about October 1, 2024, which denied plaintiff's motion for summary judgment and denied defendants' motion for summary judgment, unanimously affirmed, with costs.
We affirm the denial of both motions, but on grounds different from those set forth by Supreme Court. Although Supreme Court found that the agreements were loans as a matter of law, it also found that the record presented issues of fact as to whether the loans were usurious and denied both motions for summary judgment on that basis. We disagree that the agreements are loans as a matter of law, and find instead that the record presents issues of fact as to whether the agreements are loans or a sale and purchase of receivables, thus rendering summary judgment on either motion inappropriate.
In considering whether the agreements at issue are receivable purchase agreements or usurious loans, courts look to three factors: "(1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy." (LG Funding, LLC v United Senior Props. of Olathe, LLC, 181 AD3d 664, 666 [2d Dept 2020]).
While certain provisions suggest that the transactions were a loan, other provisions suggest that the transactions were instead a sale and purchase of receivables. For example, defendants established that the agreements provide for recourse in the event the merchant declares bankruptcy. Specifically, plaintiff is entitled upon defendant Suburban Waste Services, Inc.'s (Suburban) bankruptcy to enter a confession of judgment against defendants and to enforce the personal guaranties signed by the individual defendants, which suggests a loan (see Kapitus Servicing, Inc. v Point Blank Constr., Inc., 221 AD3d 532, 534 [1st Dept 2023]; Kapitus Servicing, Inc. v Ragtime Gourmet Corp./Joe-Le Holding Corp., 242 AD3d 638, 638 [1st Dept 2025]). On the other hand, it is undisputed that the agreements do not have a definite term, suggesting that the repayment obligations were contingent insofar as they required defendant Suburban to make payments to plaintiff "until such time as [plaintiff] receives payment in full" (Ragtime Gourmet Corp./Joe-Le Holding Corp., 242 AD3d at 639; Point Blank Constr., 221 AD3d at 534). Additionally, "although the presence in an agreement of a right to reconciliation may be an indication of whether an agreement constitutes a loan, the agreement here does not make clear on its face whether it conferred that right" (Point Blank Constr., Inc., 221 AD3d at 534). It is not clear whether reconciliation is mandatory or exercisable at plaintiff's discretion under the terms of the agreements.
As consideration of the three factors provides no definitive answer as to whether the agreements can be categorized as loans, the record presents an issue of fact as to how to characterize the agreements (see LG Funding, 181 AD3d at 666).
Finally, defendants fail to raise an issue of fact as to plaintiff's performance under the agreements. Although defendants did receive less cash for the receivables than was provided for on the face of the agreements, they conceded that the funding to be received under the agreements would be reduced by fees set forth in the schedule to the agreements and by sums needed to satisfy earlier funding agreements. These documented and authorized deductions account for the entirety of the reduced cash payment for the receivables. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 26, 2026