Samson MCA LLC v Joseph A. Russo M.D. P.C./IV Therapeutics PLLC (2023 NY Slip Op 04271)

Samson MCA LLC v Joseph A. Russo M.D. P.C./IV Therapeutics PLLC

2023 NY Slip Op 04271

Decided on August 11, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, MONTOUR, AND OGDEN, JJ.

457 CA 23-00008

[*1]SAMSON MCA LLC, PLAINTIFF-RESPONDENT,
v
JOSEPH A. RUSSO M.D. P.C./IV THERAPEUTICS PLLC, DOING BUSINESS AS ASPIRE MED SPA, ET AL., DEFENDANTS, AND MARCO . BEATRICE, DEFENDANT-APPELLANT. (APPEAL NO. 2.) KHC LLC, NONPARTY. 

AMOS WEINBERG, GREAT NECK, FOR DEFENDANT-APPELLANT.
R3M LAW, LLP, NEW YORK CITY (HOWARD A. MAGALIFF OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from a judgment of the Supreme Court, Ontario County (J. Scott Odorisi, J.), entered May 10, 2022. The judgment awarded plaintiff money damages. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: In appeal No. 1, defendant Marco V. Beatrice appeals from an order granting plaintiff's motion for summary judgment on the complaint and denying defendants' cross-motion for summary judgment dismissing the complaint. In appeal No. 2, Beatrice appeals from a judgment awarding plaintiff money damages.
These appeals arise from the execution of and performance under two revenue purchase agreements between plaintiff and defendants Joseph A. Russo M.D. P.C./IV Therapeutics PLLC, doing business as Aspire Med Spa (collectively, entity defendants). Both agreements were personally guaranteed by defendants Joseph Russo and Beatrice (collectively, individual defendants), who guaranteed compliance with performance of the agreements.
Under both agreements, plaintiff advanced a monetary amount to the entity defendants in exchange for 25% of the future revenues of their business, until the purchased amount, i.e., an agreed-upon amount that was greater than the advanced amount, was paid to plaintiff. There was no interest rate or payment schedule and no time period during which the purchased amount was to be collected by plaintiff. Each agreement contained a weekly remittance amount, which constituted "a good faith estimate of [plaintiff's] share of the future revenue stream." Each agreement contained an acknowledgment "that [plaintiff] may never receive the [p]urchased [a]mount in the event that [the entity defendants' business] does not generate sufficient revenue" and, for the most part, there would be no recourse for plaintiff in the event of bankruptcy by the entity defendants. Each agreement also contained two reconciliation clauses, whereby the weekly remittance would be modified both retroactively and prospectively upon request and with proof of earned revenue amounts.
Plaintiff commenced this action, alleging that the entity defendants breached the agreements and that the individual defendants bore financial responsibility because they guaranteed performance by the entity defendants. Thereafter, as noted, plaintiff moved for summary judgment on the complaint, and defendants cross-moved for summary judgment [*2]dismissing the complaint, contending that the agreements were actually "criminally usurious loan[s]" that are unenforceable and that plaintiff lacked standing because plaintiff was not registered to conduct business in New York. The court granted plaintiff's motion, denied defendants' cross-motion and awarded judgment to plaintiff.
Initially, inasmuch as Beatrice's right to appeal from the order in appeal No. 1 terminated upon the entry of the judgment in appeal No. 2, the appeal from that order must be dismissed (see Matter of Aho, 39 NY2d 241, 248 [1976]). The appeal from the judgment brings up for review the propriety of the order in appeal No. 1 (see generally CPLR 5501 [a] [1]).
On appeal, Beatrice contends that the agreements are void because they are criminally usurious loans and that the court therefore erred in granting plaintiff's motion and denying defendants' cross-motion with respect to him. Thus, the central question before us is whether the two agreements were, in fact, revenue purchase agreements or whether they were, instead, loans.
In determining whether a transaction constitutes a loan, courts must determine whether the plaintiff " 'is absolutely entitled to repayment under all circumstances' "; "[u]nless a principal sum advanced is repayable absolutely, the transaction is not a loan" (LG Funding, LLC v United Senior Props. of Olathe, LLC, 181 AD3d 664, 665-666 [2d Dept 2020]; see Principis Capital, LLC v I Do, Inc., 201 AD3d 752, 754 [2d Dept 2022]). "Usually, courts weigh three factors when determining whether repayment is absolute or contingent: (1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy" (LG Funding, LLC, 181 AD3d at 666; see Principis Capital, LLC, 201 AD3d at 754).
Contrary to Beatrice's contention, plaintiff established as a matter of law that the agreements were revenue purchase agreements rather than loans, and Beatrice failed to raise a triable issue of fact with respect thereto (see Principis Capital, LLC, 201 AD3d at 754). Here, the agreements submitted by plaintiff contained reconciliation provisions requiring the adjustment of the remittance amount upon request based on changes to the entity defendants' revenues, and had no finite term and no payment schedule. Additionally, as noted, each agreement contained an acknowledgment "that [plaintiff] may never receive the purchased amount in the event that [the entity defendants' business] does not generate sufficient revenue" and, for the most part, plaintiff did not have recourse in the event that the entity defendants declared bankruptcy (see Streamlined Consultants, Inc. v EBF Holdings LLC, 2022 WL 4368114, *5 [SD NY, Sept. 20, 2022, No. 21-CV-9528 (KMK)]).
We have reviewed Beatrice's remaining contention and conclude that it does not warrant reversal or modification of the judgment.
Entered: August 11, 2023
Ann Dillon Flynn
Clerk of the Court