**RDM Capital Funding, LLC v Vida Lease Corp**

2024 NY Slip Op 31866(U)

May 29, 2024

Supreme Court, New York County

Docket Number: Index No. 656375/2019

Judge: Debra A. James

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. DEBRA A. JAMES</u>      PART   59

*Justice*

-----------------------------------------------------------------------------X

RDM CAPITAL FUNDING, LLC,

         Plaintiff,

- v -

VIDA LEASE CORP and MELODY PAN,

         Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 656375/2019 |
| MOTION DATE | 05/29/2024 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77

were read on this motion to/for      <u>JUDGMENT - SUMMARY</u> .

<u>ORDER</u>

Upon the foregoing documents, it is

It appearing to the court that plaintiff is entitled to judgment on liability and that the only triable issues of fact arising on plaintiff's motion for summary judgment relate to the amount of damages to which plaintiff is entitled, it is

ORDERED that the motion is granted with regard to liability; and it is further

ORDERED that this matter having come on before this court on May 29, 2024, on motion of the plaintiff for summary judgment on its first cause of action for breach contract and on its second cause of action for breach of a personal guaranty, and the plaintiff having been represented in connection therewith by Jeffrey Michael Parrella, Esq., and the defendants having been

**656375/2019   RDM CAPITAL FUNDING, LLC vs. VIDA LEASE CORP**
**Motion No.  004**

**Page 1 of 6**

1 of 6

[* 1]

represented in connection therewith by Amos Weinberg, Esq., and, pursuant to CPLR § 4317, the court having on its own motion determined to consider the appointment of a referee to determine as follows, an issue of damages separately triable and not requiring a trial by jury is involved, it is now hereby

ORDERED that a Judicial Hearing Officer ("JHO") or Special Referee shall be designated to determine the following individual issues of fact, which are hereby submitted to the JHO/Special Referee for such purpose:

(1) the issue of balance due from defendant Vida Lease Corp under the merchant cash advance agreement of July 29, 2019 that plaintiff shall recover from defendant Vida Lease Corp;

-and-

(2) the issue of the issue of the amount of the balance due that plaintiff shall recover from defendant Melody Pan under the personal guaranty of the foregoing merchant cash advance agreement, should defendant Vida Lease Corp not pay the balance due to plaintiff;

and it is further

ORDERED that the powers of the JHO/Special Referee shall not be limited beyond the limitations set forth in the CPLR; and it is further

ORDERED that this matter is hereby referred to the Special Referee Clerk for placement at the earliest possible date upon the calendar of the Special Referees Part (Part SRP), which, in accordance with the Rules of that Part (which are posted on the

**656375/2019   RDM CAPITAL FUNDING, LLC vs. VIDA LEASE CORP**
**Motion No.  004**

**Page 2 of 6**

website of this court at www.nycourts.gov/supctmanh at the "References" link), shall assign this matter at the initial appearance to an available JHO/Special Referee to determine as specified above; and it is further

ORDERED that counsel shall immediately consult one another and counsel for plaintiff shall, within twenty (20) days from the date of this Order, submit to the Special Referee Clerk by e-mail an Information Sheet (accessible at the "References" link on the court's website) containing all the information called for therein and that, as soon as practical thereafter, the Special Referee Clerk shall advise counsel for the parties of the date fixed for the appearance of the matter upon the calendar of the Special Referees Part; and it is further

ORDERED that the parties shall appear for the reference hearing, including with all witnesses and evidence they seek to present, and shall be ready to proceed with the hearing, on the date fixed by the Special Referee Clerk for the initial appearance in the Special Referees Part, subject only to any adjournment that may be authorized by the Special Referees Part in accordance with the Rules of that Part; and it is further

ORDERED that, except as otherwise directed by the assigned JHO/Special Referee for good cause shown, the trial of the issue(s) specified above shall proceed from day to day until completion and

**656375/2019   RDM CAPITAL FUNDING, LLC vs. VIDA LEASE CORP**
**Motion No.  004**

**Page 3 of 6**

3 of 6

[* 3]

counsel must arrange their schedules and those of their witnesses accordingly; and it is further

ORDERED that counsel shall file memoranda or other documents directed to the assigned JHO/Special Referee in accordance with the Uniform Rules of the Judicial Hearing Officers and the Special Referees (available at the "References" link on the court's website) by filing same with the New York State Courts Electronic Filing System (see Rule 2 of the Uniform Rules); and it is further

ORDERED that such service upon the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

ORDERED that pursuant to CPLR § 4319, the Clerk shall enter judgment with pre-judgment interest at the statutory rate from October 18, 2019 until entry of judgment, plus costs and disbursements upon submission of a proper bill of costs, upon the determination of the Special Referee, without further order of this court.

<u>DECISION</u>

<u>See</u> <u>Seidel v 18 E 17th St Owners</u>, 79 NY2d 735, 744 (1992) ("Usury laws apply only to loans or forbearances, not investments").

**656375/2019   RDM CAPITAL FUNDING, LLC vs. VIDA LEASE CORP**                    **Page 4 of 6**
**Motion No.  004**

4 of 6

As stated in <u>Principis Capital, LLC v I Do, Inc</u> , 201 AD3d 752, 754 (2d Dept 2022):

> "Here, the plaintiff established that the transaction set forth in the agreement was not a loan. The terms of the agreement specifically provided for adjustments to the monthly payments made by I Do to the plaintiff based on changes in I Do's monthly sales. Concomitantly, as the amount of the monthly payments could change, the term of the agreement was not finite. Moreover, no contractual provision existed establishing that a declaration of bankruptcy would constitute an event of default".

Nor does defendants' lack of subject matter jurisdiction defense have any merit. The action at bar is distinguishable on its facts from those of <u>American Express National Bank v Pino Napoli Tile & Granite, LLC,</u> 79 Misc3d 668, *668 (Sup Ct, NY Co 2023), where the court found that plaintiff "has not demonstrated that it comes within [the exemption carved out of Business Corporation Law §1314(c) for] "'any corporation which was formed under the laws of the United States and which maintains an office in this state.'" While in <u>American Express v Pino Napoli Tile,</u> <u>ibid</u>, "plaintiff relies only on an affirmation of counsel", here, plaintiff submits a complaint, verified by a representative of plaintiff, which states that plaintiff was incorporated in the

**656375/2019   RDM CAPITAL FUNDING, LLC vs. VIDA LEASE CORP**
**Motion No.  004**

**Page 5 of 6**

5 of 6

State of New Jersey (NYSCEF Document Number 60), as well as a New York State Department of State record that lists an address in Brooklyn, New York, as the agent for process of plaintiff (NYSCEF Document Number 74).

20240529171750DJAMESC15F8BFE68524F61AF6FF04299B9FABA

| | | | | | | |
|---|---|---|---|---|---|---|
| **5/29/2024** | | | | **DEBRA A. JAMES, J.S.C.** | | |
| **DATE** | | | | | | |
| CHECK ONE: | | CASE DISPOSED | **X** | NON-FINAL DISPOSITION | | |
| | **X** | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | **X** | REFERENCE |

656375/2019   RDM CAPITAL FUNDING, LLC vs. VIDA LEASE CORP
Motion No.  004

Page 6 of 6

6 of 6

[* 6]