**Kalamata Capital Group, LLC v A.C.S.A. Transp. L.L.C.**

2024 NY Slip Op 34461(U)

December 20, 2024

Supreme Court, New York County

Docket Number: Index No. 452907/2023

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. LYLE E. FRANK**                    PART                 11M

                                                     *Justice*

----------------------------------------------------------------------X

KALAMATA CAPITAL GROUP, LLC,

                              Plaintiff,

                    - v -

A.C.S.A. TRANSPORTATION L.L.C., ACSA
TRANSPORTATION LLC,AARON ANTHONY DRAWL

                              Defendant.

----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 452907/2023 |
| MOTION DATE | 09/06/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 137, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150[1]
were read on this motion to/for                         JUDGMENT - SUMMARY                         .

Upon the foregoing documents, plaintiff's motion for summary judgment is granted and

defendants' cross-motion for summary judgment is denied.

**Background**

This case arises out of an alleged breach of a receivables purchase agreement (the

"RPA"). In April of 2022, Kalamata Capital Group, LLC ("Plaintiff") entered into an agreement

with A.C.S.A. Transportation LLC d/b/a ACSA Transportation and ACSA Transportation LLC

(collectively, "Company Defendants") wherein Kalamata purchased $74,000.00 of Company

Defendants' future receivables. Anthony Drawl ("Individual Defendant", collectively with

Company Defendants "Defendants") signed as a personal guarantor. Plaintiff alleges that

$47,586.00 of the receivables was transmitted to them before payments ceased, and that

combined with various fees Plaintiff is owed $29,159.00 plus interest, costs and disbursements

under the RPA. Plaintiff filed the underlying suit in October of 2022.

---

[1] Some of the documents to this motion appeared to be mislabeled in NYSCEF. The listing here is what was read.

**452907/2023   KALAMATA CAPITAL GROUP, LLC vs. A.C.S.A. TRANSPORTATION L.L.C. ET AL        Page 1 of 4**
**Motion No.  003**

1 of 4

[* 1]

**Standard of Review**

Under CPLR § 3212, a party may move for summary judgment and the motion "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." CPLR § 3212(b). Once the movant makes a showing of a prima facie entitlement to judgment as a matter of law, the burden then shifts to the opponent to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Stonehill Capital Mgt. LLC v. Bank of the W.*, 28 N.Y.3d 439, 448 (2016). The facts must be viewed in the light most favorable to the non-moving party, but conclusory statements are insufficient to defeat summary judgment. *Id.*

**Discussion**

Plaintiff has filed the present motion for summary judgment. Defendants oppose and have cross-moved for summary judgment. For the reasons that follow, plaintiff's motion is granted, and defendants' cross-motion is denied.

*Company Defendants Breached the RPA*

Plaintiffs allege, and have attached supporting documentation, that the Company Defendants have breached the RPA in two ways: 1) by failing to remit Plaintiff's share of receivables while still collecting receivables and conducting regular business operations; and 2) failing to provide reasonable notice to Plaintiff that more than five ACH transactions were rejected by Company Defendants' bank. In response, Defendants question the foundation for Plaintiff's documents, argue that the RPA is a usurious loan, and argue that an NSF response to Plaintiff's attempt to collect receivables is not a breach under the RPA.

452907/2023   KALAMATA CAPITAL GROUP, LLC vs. A.C.S.A. TRANSPORTATION L.L.C. ET AL          Page 2 of 4
    Motion No.  003

2 of 4

[* 2]

The terms of the RPA state, in the relevant provision, that "[t]he occurrence of any of the following events shall constitute an 'Event of Default' hereunder: (a) Seller or any Guarantor shall violate any term or covenant in this Agreement [. . . ] (d) Seller fails to provide reasonable notice to Purchaser that in any 30-day period there are five or more ACH transactions attempted by Purchaser that are rejected by Seller's bank." Here, Company Defendants have committed two events of default. By conducting business and collecting revenue without sending Plaintiff their share of receivables, Company Defendants have breached their obligation to send Plaintiff their remittances. They also failed to send notice to Plaintiff that there were more than five rejected ACH transactions from September 28, 2022, to October 11, 2022.

While Defendants are correct that under the terms of the RPA a NSF rejection is not in and of itself an event of default, here there is no dispute of material fact that Defendants breached the RPA in other ways. Sections 3.4 and 3.5 of the RPA states that if there is an Event of Default, Plaintiff is entitled to pursue action to collect unpaid amounts; that the full uncollected purchase amount becomes due immediately; and that Defendants must pay Plaintiff all reasonable costs and attorneys' fees. Therefore, if the RPA is legally binding then there is no dispute of material fact that Defendants breached the agreement, and that Plaintiff is entitled to the unpaid amount plus costs and fees.

*The RPA is Not a Usurious Loan*

There are three factors that courts are to weigh when determining whether a receivables purchase agreement is a usurious loan: "(1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy." *Principis Capital, LLC v. I Do, Inc.*, 201 A.D.3d 752, 754 (2nd Dept. 2022). Here, there is no finite term in the RPA, there is a clear reconciliation

provision, and Plaintiff has no recourse should Company Defendants declare bankruptcy. All three factors weigh in favor of a valid receivables purchase agreement. The RPA in question is not a usurious loan. Accordingly, it is hereby

ADJUDGED that plaintiff's motion for summary judgment is granted; and it is further

ADJUDGED that defendants' cross-motion for summary judgment is denied; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of plaintiff and against defendants in the amount of $29,159.00 , together with interest from October 11, 2022, together with costs and disbursements as calculated by the Clerk; and it is further

ORDERED that plaintiff may make a separate application for attorney's fees upon proper documentation.

20241220124948LFRANKE5E852DD7C934C8F8EABAADB5410572E

**12/20/2024**
**DATE**

**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**452907/2023   KALAMATA CAPITAL GROUP, LLC vs. A.C.S.A. TRANSPORTATION L.L.C. ET AL**          **Page 4 of 4**
**Motion No.  003**

4 of 4