**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER, J., and SENIOR JUDGE FULLER**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**January 29, 2026**

# In the Court of Appeals of Georgia

A25A2091. LENDR.ONLINE, LLC v. KIMBERLY L. COPELAND, AS GUARANTOR OF KIMBERLY L. COPELAND ASSOCIATES, LLC.

FULLER, Senior Judge.

In this contract dispute, plaintiff Lendr.Online, LLC appeals from the trial court's order granting defendant Kimberly L. Copeland's motion for judgment on the pleadings. For the reasons that follow, we reverse.

This Court reviews a trial court's decision on a motion for judgment on the pleadings de novo, construing "the complaint in a light most favorable to the appellant, drawing all reasonable inferences in his or her favor." *McCobb v. Clayton County*, 309 Ga. App. 217, 217 (710 SE2d 207) (2011) (citation modified). As relevant here, "in considering a motion for judgment on the pleadings, a trial court may

consider exhibits attached to and incorporated into the pleadings, including exhibits attached to the complaint or the answer." *Schumacher v. City of Roswell*, 344 Ga. App. 135, 138 (809 SE2d 262) (2017) (citation modified). See OCGA § 9-11-10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.").

So viewed, the record shows that in May 2021, non-party Kimberly L. Copeland & Associates, LLC ("KCA"), entered into an "Agreement for the Purchase and Sale of Future Receipts" with Lendr.Online. Pursuant to the agreement, Lendr.Online bought 16.2 percent "of the proceeds of each future sale" made by KCA until KCA had paid Lendr.Online the "Purchased Amount" of $121,275. As payment for this obligation, Lendr.Online paid KCA $82,500, minus an origination fee. In exchange, KCA agreed to pay an initial daily amount of $551.25 — denominated in the agreement as the "delivery amount" — to Lendr.Online. The agreement gave Lendr.Online a security interest in KCA's assets, and Copeland executed a personal guaranty on behalf of KCA. Beginning in late 2021, KCA failed to make full payments and it stopped making payments entirely in late 2022. By September 2022, Lendr.Online considered KCA to have breached the agreement.

In October 2023, Lendr.Online sued Copeland, as guarantor of KCA, seeking to recover — as described by Lendr.Online — the remaining "principal" of approximately $46,000, along with interest and attorney fees, and attaching to the complaint the agreement with KCA, the guaranty signed by Copeland, and KCA's payment history. The payment history showed that KCA paid daily amounts ranging from $100 to $1,200. Copeland answered and asserted as an affirmative defense that the agreement was actually a criminally usurious loan that she was not obligated to repay. She also filed a motion for judgment on the pleadings on the same basis. The trial court agreed that the agreement constituted a usurious loan, such that Copeland, as guarantor, was not liable for its repayment. Accordingly, the court granted her motion for judgment on the pleadings and dismissed Lendr.Online's action with prejudice.[1] This appeal follows.

---

[1] Lendr.Online contends the trial court erred in dismissing the entire action with prejudice because KCA did not answer or join in the motion for judgment on the pleadings. But contrary to Lendr.Online's argument, it appears that KCA was never properly added as a party-defendant to this case.

As set forth above, Lendr.Online filed its initial complaint against only Copeland as guarantor. It thereafter moved to add KCA as a party, and although Lendr.Online argues that the motion was granted, the record contains no indication that the trial court ever ruled on the matter. Despite the trial court's failure to rule on the issue, Lendr.Online listed KCA as a party-defendant in its first amended complaint. But, as we have previously explained, "an amendment to a complaint

As an initial matter, we note that the parties' agreement provides that it shall be governed by New York law. As such, we will apply Georgia law to procedural matters, but New York law with respect to substantive claims.[2] See, e.g., *Continental Ins. Co. v. Equity Residential Props. Trust*, 255 Ga. App. 445, 445 (565 SE2d 603) (2002) (explaining that contract's choice of law "does not control the procedural law applicable in the forum state" and that "Georgia courts will apply Georgia law governing procedural or remedial matters").

When, as here, "a defendant files a motion for judgment on the pleadings and does not introduce affidavits, depositions or interrogatories in support of the motion, such motion is the equivalent of a motion to dismiss the complaint for failure to state a claim upon which relief can be granted." *Carson v. Brown*, 348 Ga. App. 689, 699(2) (824 SE2d 605) (2019) (quotation marks omitted). Judgment on the pleadings "is proper only where there is a complete failure to state a cause of action or defense."

adding a new party without first obtaining leave of the court is without effect." *Wright v. Safari Club Int'l, Inc.*, 322 Ga. App. 486, 494(5) (745 SE2d 730) (2013). As Lendr.Online has failed to demonstrate that it obtained leave of the court to add KCA as a party-defendant, it appears that Copeland was the only defendant before the trial court when the court granted the motion for judgment on the pleadings.

[2] For this reason, we do not address any arguments regarding Georgia law with respect to the substantive claims.

*Schumacher*, 344 Ga. App. at 138 (quotation marks omitted). See *Carson*, 348 Ga. App. at 699(2) (explaining that a motion for judgment on the pleadings equivalent to a motion to dismiss for failure to state a claim "should not be granted unless the averments in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the plaintiff's claim" (citation modified)). "For purposes of the motion, all well-pleaded material allegations by the nonmovant are taken as true, and all denials by the movant are taken as false. But the trial court need not adopt a party's legal conclusions based on these facts." *Schumacher*, 344 Ga. App. at 138 (quotation marks omitted). The critical inquiry is "whether the undisputed facts appearing from the pleadings entitle the movant to judgment as a matter of law." *Carson*, 348 Ga. App. at 699(2) (quotation marks omitted).

In several related claims of error, Lendr.Online contends the trial court erred in granting Copeland's motion for judgment on the pleadings. We agree.

As a general rule, New York law criminalizes the making of loans with an interest rate exceeding 25 percent per year. NY Penal Law § 190.40; *Adar Bays, LLC v. GeneSYS ID, Inc.*, 37 NY3d 320, 326 (179 NE3d 612) (2021). Moreover, criminally

usurious loans made to corporate borrowers, such as KCA, are void "when a successful usury defense, based on the criminal usury rate, is raised." *Adar Bays*, 37 NY3d at 333(D).

As relevant here, "[t]he rudimentary element of usury is the existence of a loan," and "where there is no loan, there can be no usury, however unconscionable the contract may be." *LG Funding, LLC v. United Senior Props. of Olathe, LLC*, 122 NYS3d 309, 312 (181 AD3d 664) (N.Y. App. Div. 2020). However, when determining whether a transaction is a loan as opposed to an investment, "substance — not form — controls." *Adar Bays*, 37 NY3d at 334. To determine whether a transaction constitutes a usurious loan under New York law, courts

> must examine whether the plaintiff is absolutely entitled to repayment under all circumstances. Unless a principal sum advanced is repayable absolutely, the transaction is not a loan. Usually, courts weigh three factors when determining whether repayment is absolute or contingent: (1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy.

*Principis Cap., LLC v. I Do, Inc.*, 160 NYS3d 325, 326–27 (201 AD3d 752) (N.Y. App. Div. 2022) (quotation marks omitted). Furthermore, usury is an affirmative defense

under New York law, and the party seeking to void the agreement "bears the burden of proving usury. There is no presumption that a contract is illegal or criminal. The illegality, if alleged, must be established by proof."*Adar Bays*, 37 NY3d at 335–36 (citation modified). Finally, usurious intent is "an essential element of usury," and where usury does not appear on the face of the instrument at issue, "usury is a question of fact." Id. at 336 (quotation marks omitted).

We will consider each of the three factors set out in *Principis Cap.* in turn.

(a) Reconciliation provision.

Pursuant to the agreement, KCA was responsible "for either ensuring that the Delivery Amount [was] available" for withdrawal from the relevant account "each business day on which the debit [was to] occur or advising [Lendr.Online] prior to each daily withdrawal of a shortage of funds." As set forth above, the initial delivery amount was $551.25. Morever, in an agreement provision expressly addressing "reconciliation," KCA could request changes to the delivery amount as follows:

> The initial Delivery Amount is intended to represent the Specified Percentage [16.2 percent] of [KCA]'s Future Receipts. For as long as no Event of Default has occurred, once each calendar month, [KCA] may request that [Lendr.Online] adjust the Delivery Amount to more closely reflect [KCA]'s actual Future Receipts times the Specified Percentage.

7

[KCA] agrees to provide [Lendr.Online] any information requested . . . to assist in this reconciliation. No more often than once a month, [Lendr.Online] shall adjust the Delivery Amount on a going-forward basis to more closely reflect [KCA]'s actual Future Receipts times the Specified Percentage. [Lendr.Online] will give [KCA] notice five business days prior to any such adjustment. After each adjustment made pursuant to this paragraph, the new dollar amount shall be deemed the Delivery Amount until any subsequent adjustment.

(b) Finite term.

As to its term, the agreement provided: "Sale of Future Receipts (THIS IS NOT A LOAN): [KCA] is selling a portion of a future revenue stream to [Lendr.Online] at a discount, not borrowing money from [Lendr.Online]. There is no interest rate or payment schedule and no time period during which the Purchased Amount must be collected by [Lendr.Online]."

(c) Bankruptcy.

Finally, the agreement also provided:

If Future Receipts are remitted more slowly than [Lendr.Online] may have anticipated or projected because [KCA]'s business has slowed down, or if the full Purchased Amount is never remitted because [KCA]'s business went bankrupt or otherwise ceased operations in the ordinary course of business, and [KCA] has not breached this

8

Agreement, [KCA] would not owe anything to [Lendr.Online] and would not be in breach of or default under this Agreement. [Lendr.Online] is buying the Purchased Amount of Future Receipts knowing the risks that [KCA]'s business may slow down or fail, and [Lendr.Online] assumes these risks based on [KCA]'s representations, warranties and covenants in this Agreement that are designed to give [Lendr.Online] a reasonable and fair opportunity to receive the benefit of its bargain. . . .

(d) Discussion.

Here, the trial court found that the reconciliation provision included in the agreement was "nominal and ineffectual," that the agreement provided for a definite term, and that it did not transfer the risk of non-payment from KCA to Lendr.Online. But these findings are contrary to the terms of the agreement.

Specifically, the court's finding that the reconciliation provision was "nominal and ineffectual" is contrary to not only the terms of the agreement — which provide a process for reconciliation, or changes to the delivery amount, i.e., the daily payment amount — but also the payment history, which shows that KCA varied its payment amounts significantly before Lendr.Online considered it to be in breach of the agreement. The court's findings that the agreement contains a set term and does not

assign to Lendr.Online the risk of non-payment similarly ignore the agreement terms specifically providing that there is "no time period during which the Purchased Amount must be collected" and that if "the full Purchased Amount is never remitted because [KCA]'s business went bankrupt or otherwise ceased operations in the ordinary course of business," KCA would not owe anything to Lendr.Online, so long as KCA had not otherwise breached the agreement. In light of the specific terms allowing for reconciliation in the form of changes to the delivery amount, the payment history showing payments in different amounts, as well as the provisions indicating that there was no finite term to the agreement and that bankruptcy might extinguish KCA's payment obligation, the trial court erred in determining, as a matter of law based on the pleadings, that Copeland had established that the agreement was a usurious loan.[3] See *Principis Cap.*, 160 NYS3d at 327 (holding that when terms of agreement provided for adjustment in monthly payments, such that there was no finite term and no contractual provision establishing that bankruptcy was an event of default, the trial court should have granted the plaintiff's motion for summary

---

[3] We express no opinion on whether Copeland could introduce evidence to establish, as a matter of fact, that the agreement was a disguised usurious loan. See generally *Abir v. Malky, Inc.*, 873 NYS2d 350, 353 (59 AD3d 646) (N.Y. App. Div. 2009) ("Whether a transaction constitutes a cover for usury is a question of fact.").

judgment on the defendants' affirmative defense of usury). Accordingly, we reverse the trial court's grant of Copeland's motion for judgment on the pleadings.

*Judgment reversed. Dillard, P. J., and Mercier, J., concur.*