## Shine Capital Group LLC v Protalus USA LLC

### 2026 NY Slip Op 30742(U)

### February 26, 2026

### Supreme Court, Kings County

### Docket Number: Index No. 533519/2025

### Judge: Reginald A. Boddie

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Commercial Part 12 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at 360 Adams Street, Borough of Brooklyn, City and State of New York on the 26th day of February 2026.

PRESENT:

Honorable Reginald A. Boddie
Justice, Supreme Court

--------------------------------------------------------------------x

SHINE CAPITAL GROUP LLC,

                       Plaintiff,

            -against-

PROTALUS USA LLC and HENRIK NORREMARK
and CHRISTOPHER AMMON BUCK,

                    Defendants.

--------------------------------------------------------------------x

Index No. 533519/2025

Cal. No. 20-21    MS 1-2

**Decision and Order**

The following e-filed papers read herein:      NYSCEF Doc Nos.

MS 1                                       33-39, 46

MS 2                                     43-45, 47-50

Plaintiff's motion to dismiss defendants' affirmative defenses and defendants' cross-motion to consolidate are decided as follows:

**Background**

This action arises out of the alleged breach of two receivables purchase agreements and related personal guaranties, based on defendants' alleged default after blocking ACH withdrawals and failing to deliver the purchased future receivables. Plaintiff now moves under CPLR 3211(b) for an order dismissing all thirty of defendants' affirmative defenses, arguing that they are conclusory and fail to satisfy New York's pleading requirements and, in many instances, are refuted by documentary evidence. Plaintiff argues that all usury-based defenses should be

1

[* 1]

dismissed, as the agreements at issue are not loans as a matter of law but purchases of future receivables. Plaintiff further asserts the other defenses are inapplicable, procedurally improper, waived, unavailable as equitable defenses in an action for money damages, or mere surplusage, and therefore should be dismissed in their entirety.

In opposition, defendants withdrew their first, third, fifth, sixth, seventh, twelfth, eighteenth, nineteenth, twenty-first, twenty-fourth, twenty-fifth, twenty-sixth, and twenty-seventh affirmative defenses, while continuing to pursue the remaining seventeen affirmative defenses. Defendants assert that the remaining defenses are adequately supported because extensive factual allegations and legal arguments have already been set forth in filings in a related action, thus plaintiff was "provided with more notice and knowledge about each one of the 17 defenses remaining." Defendants cross-move pursuant to CPLR 602 to remove and consolidate the instant action with the related action pending before this Court, titled *Protalus USA LLC et al v. Shine Capital Group LLC, et al.*, Index No. 542543/2025, arguing both cases arise from the same merchant-cash-advance transactions and share common factual and legal issues, such that consolidation would promote judicial economy, avoid duplicative litigation, and prevent inconsistent determinations without causing prejudice.

In reply, plaintiff argues defendants' opposition is procedurally and factually deficient because it contains no sworn factual submissions or authenticated documents and relies on an attorney affirmation noncompliant with CPLR 2106. Plaintiff reasserts that the agreements are not loans under controlling authority, that defendants defaulted by stopping authorized ACH debits before invoking reconciliation, and that the remaining defenses are inadequately pleaded, contradicted by the governing agreements, or not cognizable affirmative defenses. Plaintiff further argues certain defenses are abandoned and that consolidation is unwarranted because the related

2

action involves different parties and agreements, such that consolidation would cause confusion, prejudice, and delay in this earlier-filed action.

## Discussion

"Pursuant to CPLR 3211 (b), a party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit" (*Fireman's Fund Ins. Co. v Farrell*, 57 AD3d 721, 723 [2d Dept 2008]). "In reviewing a motion to dismiss an affirmative defense, the court must liberally construe the pleadings in favor of the party asserting the defense and give that party the benefit of every reasonable inference (*id.* [citations omitted]). "Moreover, if there is any doubt as to the availability of a defense, it should not be dismissed" (*id.*).

"The rudimentary element of usury is the existence of a loan or forbearance of money, and where there is no loan, there can be no usury, however unconscionable the contract may be" (*Principis Capital, LLC v I Do, Inc.*, 201 AD3d 752, 754 [2d Dept 2022] [citation omitted]). "To determine whether a transaction constitutes a usurious loan: [t]he court must examine whether the plaintiff is absolutely entitled to repayment under all circumstances" (*id.* [internal quotation marks omitted]). "Unless a principal sum advanced is repayable absolutely, the transaction is not a loan" (*id.*). "Usually, courts weigh three factors when determining whether repayment is absolute or contingent: (1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy" (*id.*).

Here, the documentary evidence establishes that the agreements concern the purchase and sale of future receivables, not a loan subject to usury statutes, as (i) repayment was contingent on defendants' generation of future receivables, (ii) the agreements contain a mandatory reconciliation provision, (iii) the agreements lacks a finite term and (iv) the agreements expressly provide that bankruptcy does not constitute a default event. Plaintiff has also shown that the

3

[* 3]

personal guaranty renders the guarantor jointly and severally liable for the merchant's default. Accordingly, the branch of plaintiff's motion seeking dismissal of defendants' usury affirmative defenses is granted.

As to the remaining affirmative defenses, defendants failed to submit competent evidentiary proof or sworn factual allegations sufficient to defeat plaintiff's prima facie showing that the asserted defenses are conclusory and boilerplate, unsupported by particularized facts and therefore subject to dismissal.

Pursuant to CPLR 602, "[w]hen actions involving a common question of law or fact are pending before a court, the court, upon motion, may order a joint trial of any or all the matters in issue, may order the actions consolidated, and may make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Here, consolidation is not warranted. The action relied upon by defendants, *Protalus USA LLC et al. v. Shine Capital Group LLC, et al.*, Index No. 542543/2025, was commenced by defendants more than two months after plaintiff commenced the instant action and involves multiple additional parties and separate merchant cash advance agreements that are not at issue here. The later-filed action asserts claims arising from numerous distinct financing transactions entered into with different entities, each involving separate underwriting, remittance histories, and contractual obligations, and contains no allegation of coordinated conduct among the various funders.

Notably, in this action, defendants asserted thirty boilerplate affirmative defenses but no counterclaims, and instead elected to commence a separate action against plaintiff and unrelated entities based upon unrelated agreements. Parties in the instant action have already been engaged in discovery since at least October 2025, whereas the later-filed action remains at the pre-answer dispositive motion stage. Under these circumstances, consolidation would not promote judicial

4

[* 4]

efficiency but would instead risk factual conflation, confusion of issues, and undue delay. Accordingly, defendants' cross-motion to consolidate is denied.

## Conclusion

Based on the foregoing, plaintiff's motion is granted to the extent that all affirmative defenses, except those previously withdrawn by defendants, are hereby dismissed. Defendants' cross-motion is denied in its entirety.

Any arguments not expressly addressed herein were considered and deemed to be without merit or unnecessary to address given the court's determination.

E N T E R:

_____
Honorable Reginald A. Boddie
Justice, Supreme Court

HON. REGINALD A. BODDIE
J.S.C.