Spin Capital, LLC v Bridgelink Engg., LLC

2026 NY Slip Op 02296

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Spin Capital, LLC, respondent,

v

Bridgelink Engineering, LLC, et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2024-04928, 2024-06248, (Index No. 614675/22)

Francesca E. Connolly, J.P.

Paul Wooten

Janice A. Taylor

Carl J. Landicino, JJ.

Jacovetti Law, P.C., Garden City, NY (Robert C. Jacovetti of counsel), for appellants.

Wells Law P.C., Lancaster, NY (Steven W. Wells and Will Parsons of counsel), for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Philippe Solages, Jr., J.), dated January 23, 2024, and (2) a judgment of the same court entered February 9, 2024. The order, insofar as appealed from, granted the plaintiff's motion pursuant to CPLR 3211(a) to dismiss the defendants' counterclaims and those branches of the plaintiff's separate motion which were for summary judgment on the causes of action alleging breach of contract and breach of guaranty and, in effect, dismissing the defendants' affirmative defenses. The judgment, upon the order, is in favor of the plaintiff and against the defendants in the total sum of $8,234,160.50.

ORDERED that the appeal from the order is dismissed; and it is further,

ORDERED that the judgment is affirmed; and it is further,

ORDERED that one bill of costs is awarded to the plaintiff.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).

On August 15, 2022, the plaintiff and the defendants entered into a written merchant agreement whereby the plaintiff purchased from the defendants future receivables valued at $7,500,000 for a purchase price of $5,000,000. The defendants Cole Wayne Johnson and Cord Johnson executed a personal guaranty. The defendants made payments to the plaintiff totaling $210,000, but thereafter, the authorized Automated Clearing House debits were rejected for insufficient funds and closure of the account. The plaintiff commenced this action against the defendants, alleging, among other things, a cause of action to recover damages for breach of contract. The defendants interposed an answer, asserting counterclaims that the transaction at issue was a criminally usurious loan in violation of the Racketeer Influenced and Corrupt Organizations Act (18 USC § 1962). The plaintiff moved pursuant to CPLR 3211(a) to dismiss the defendants' [*2]counterclaims. Thereafter, the plaintiff moved for summary judgment on the complaint and, in effect, dismissing the defendants' affirmative defenses.

In an order dated January 23, 2024, the Supreme Court, inter alia, granted the plaintiff's motion pursuant to CPLR 3211(a) to dismiss the defendants' counterclaims and those branches of the plaintiff's motion which were for summary judgment on the causes of action alleging breach of contract and breach of guaranty and, in effect, dismissing the affirmative defenses. On February 9, 2024, a judgment was entered, upon the order, in favor of the plaintiff and against the defendants in the total sum of $8,234,160.50. The defendants appeal.

"The rudimentary element of usury is the existence of a loan or forbearance of money, and where there is no loan, there can be no usury, however unconscionable the contract may be" (LG Funding, LLC v United Senior Props. of Olathe, LLC, 181 AD3d 664, 665; see Crystal Springs Capital, Inc. v Big Thicket Coin, LLC, 220 AD3d 745, 746). "When determining whether a transaction constitutes an usurious loan, it must be considered in its totality and judged by its real character, rather than the name, color, or form which the parties have seen fit to give it" (Abir v Malky, Inc., 59 AD3d 646, 649 [internal quotation marks omitted]; see LG Funding, LLC v United Senior Props. of Olathe, LLC, 181 AD3d at 665). "To determine whether a transaction constitutes a usurious loan: The court must examine whether the plaintiff is absolutely entitled to repayment under all circumstances. Unless a principal sum advanced is repayable absolutely, the transaction is not a loan" (Principis Capital, LLC v I Do, Inc., 201 AD3d 752, 754 [internal quotation marks omitted]). Courts generally "weigh three factors when determining whether repayment is absolute or contingent: (1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy" (id. [internal quotation marks omitted]; see True Bus. Funding, LLC v Guerrero A Constr. Corp., 239 AD3d 787).

Here, the plaintiff established, prima facie, that the merchant agreement contained a clause that provided for the adjustment of the defendants' remittances in response to fluctuations in the defendants' receipts (see Principis Capital, LLC v I Do, Inc., 201 AD3d at 754). This clause rendered the term of the agreement indefinite (see id.). Moreover, no contractual provision existed establishing that a declaration of bankruptcy would constitute an event of default (cf. True Bus. Funding, LLC v Guerrero A Constr. Corp., 239 AD3d at 788; LG Funding, LLC v United Senior Props. of Olathe, LLC, 181 AD3d at 666).

Taken together, these factors satisfied the plaintiff's prima facie burden of demonstrating that the transaction at issue was a purchase of future receivables and not a criminally usurious loan (see Principis Capital, LLC v I Do, Inc., 201 AD3d at 754). Moreover, the plaintiff established its prima facie entitlement to judgment as a matter of law on the causes of actions alleging breach of contract and breach of guaranty by demonstrating the existence of an agreement and breach (see True Bus. Funding, LLC v Guerrero A Constr. Corp., 239 AD3d at 788; Principis Capital, LLC v I Do, Inc., 201 AD3d at 754; H.L. Realty, LLC v Edwards, 131 AD3d 573, 574). In opposition, the defendants failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on its causes of action alleging breach of contract and breach of guaranty.

Likewise, the Supreme Court properly granted the plaintiff's motion pursuant to CPLR 3211(a) to dismiss the defendants' counterclaims.

The defendants' remaining contentions are without merit.

CONNOLLY, J.P., WOOTEN, TAYLOR and LANDICINO, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court